

IN THE UNITED STATES COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| **GREGORY D DIXON II** <br> PLAINTIFF | } <br> } <br> } | CASE NO: 1:25cv239 LG-BWR |
| V. | } <br> } <br> } | |
| **CITY OF OCEAN SPRINGS,** <br> DEFENDANT | } <br> } <br> } | **Bench Trial Requested** |

### PLAINTIFF'S ORIGINAL COMPLAINT FOR DAMAGES

**COMES NOW THE PRO SE PLAINTIFF GREGORY D DIXON II** (here forth known as the Plaintiff), to enforce provisions of **18 U.S.C § 242**, for the "deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States" on which the Plaintiff was harassed and a cause of action for 42 **U.S.C § 1983,** against **DEFENDANT CITY OF OCEAN SPRINGS** (here forth known as Defendants).

i. **STATEMENT OF THE CLAIM**

1. The Plaintiff files this suit to enforce **42 U.S.C § 1983,** [1] (defendant) "shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress" in which on June 18th, 2025, the Plaintiff traveled to Ocean Springs City Hall speaking to the City Clerk Ms. Patty Gaston about filing discrimination charges against the Ocean Springs Police Department. 2 police officers showed up while the Plaintiff was leaving, and these same officers knowing the Plaintiff has a disability, began to **"coerce, intimidate, threaten, or interfere"** [2] the Plaintiff, (who was not driving at the time)

---

1. "deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress" **42 U.S.C § 1983**
2. "It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter." 42 U.S. Code § 12203(b)

**but was questioned by the officers for "driving without a driver's license" for a period of over 5 minutes, in which caused the Plaintiff to have a panic attack and incur medical expenses. The Plaintiff, who has a disability, was put in "unreasonable fear" while attempting to exercise his constitutional rights by making a complaint of harassment, and has since moved from Ocean Springs, MS, out of "fear of his personal wellbeing."**

2. On **June 19th, 2025**, the Defendants were served Notice of Suit to comport with MS Code § 11-46-11, and prays this Honorable Court will **serve this complaint upon the Defendants on or immediately after September 24th, 2025,** to comport with Mississippi Statutory Law.

    ii.    **STATEMENT OF JURISDICTION, REQUEST FOR CHANGE OF VENUE**

3. The Honorable Court of the Southern District of Mississippi has jurisdiction to enforce this action under **28 U.S.C. § 1331**, in which this Honorable Court has the authority to enforce violations 42 U.S.C § 1983, and 18 U.S.C § 242.

4. Venue is proper in this chapter under 28 U.S. Code § 1391, in which that all the acts and or omissions in this lawsuit happened within the jurisdiction of this Honorable Court. However, due to the "conflict of interest" the Plaintiff will file motion to have the case moved from the District Court in Gulfport, MS, to the District Court in Jackson, MS, ALL WITHIN THE SOUTHERN DISTRICT COURT, in the interest of justice.

    iii.    **STATEMENT OF THE PARTIES**

5. The Plaintiff is a 45-year-old male with a mental disability, who moved from Texas to stay with family in Ocean Springs, MS, and has since **moved to Tennessee due to continued harassment from the Ocean Springs Police Department.** The Plaintiff, on July 15th and through the filing of this document, is homeless staying in hotels in Tennessee with a mailing address of 11124 Kingston Pike STE #119, PMB 204 Knoxville, TN 37934.

6. The Defendant City of Ocean Springs is a municipality operating in Ocean Springs, MS, in which "the City" is the owner (operator) of the property (in which the Plaintiff was originally injured) and is "responsible" for hiring the officers on the Police Department. Service on the City of Ocean Springs is to be completed by serving the **City Clerk Patty Gatson, at 1018 Porter St., Ocean Springs, MS, 39564.**

### iv.  STATEMENT OF THE FACTS

7. The Plaintiff has a disability as defined in 42 U.S. Code § 12102, in that the Plaintiff receives Social Security Disability for anxiety, panic disorder, schizoaffective disorder and other disabilities. **(Exhibit 1)**

8. The Plaintiff has made **MULTIPLE** complaints of harassment (from March 26th, 2025, until June 18th, 2025) against officers of the Ocean Springs Police Department, in which, the officers are "hired" by the City of Ocean Springs.

9. On June 18th, 2025, at approximately 12pm, the Plaintiff traveled to the Ocean Springs Municipal Court, **(the Police Department is located within the building)**, to inquire about tickets (which have been dismissed) and to "seek tort forms" to file against the city for damages.

10. The Plaintiff was informed by the Ocean Springs Municipal Court Clerk to "go to the City Hall to get the forms."

11. On June 18th, 2025, at or around 12:20pm, the Plaintiff arrived at the Ocean Springs City Hall located at 1018 Porter Ave, Ocean Springs, MS 39564, to seek the "tort forms."

12. The Plaintiff sought forms to make 2 **legitimate** complaints:

> A. An "improper" ban in which, the Plaintiff notified the Ocean Springs Library of his disability, and while visiting the library the Plaintiff was "triggered" and

began cursing and was banned from ALL libraries in Jackson County, even ones **he hasn't visited in years**.

1. During the "situation" in which the Plaintiff was banned from the library (**Exhibit 2**), library staff **AND THE PLAINTIFF** contacted the Ocean Springs Police Department, in which A UNIFORMED OFFICER WHO **WAS AWARE OF THE PLAINTIFF'S DISABILITY THREATENED TO TAKE THE PLAINTIFF, A PERSON WITH A MENTAL DISABILITY,** (who is calling to make a complaint of what he perceived as discrimination, in which the ban relates to his disability) **TO JAIL FOR CURSING.**

2. The Plaintiff has since decided to **withdraw this claim for injury**, as although the incident happened within the City's Jurisdiction, the librarian is an employee of the county.

B. The Plaintiff also came **TO MAKE the city AWARE** of Officer Charles Smith's behavior (**Exhibit 3**) AND OTHER officers of the Ocean Springs Police Department, in that the officers are retaliating against the Plaintiff (rather they realize it or not) through intimidation, even though THEY ARE AWARE of the Plaintiff's disability.

13. The City of Ocean Springs Clerk Patty Gaston informed the Plaintiff that the city "had no such forms," and to "serve" the documents to herself, Ms. Mindy McDowell, and the Ocean Springs Police Department.

14. At approximately 12:48pm, at the Ocean Springs City Hall located at 1018 Porter Ave, Ocean Springs, upon completion of the conversation with the City Clerk about beginning the process of filing a lawsuit (WHICH IS A CONSTITUTIONAL RIGHT OF EVERY

PLAINTIFF'S FIRST ORIGINAL COMPLAINT FOR DAMAGES

AMERICAN CITIZEN), the Plaintiff noticed 2 officers who had recently assisted another officer in giving the Plaintiff a ticket for no driver's license, after the police were dispatched (in that incident) "because the Plaintiff was obstructing traffic" (**which he never got a citation for**).

15. The Plaintiff overheard the male office asking a city employee "what is he up here for" in which she replied, "he's up here because he is going to sue the city."

16. The Plaintiff, in utter disbelief, asked the officers "why are you guys here, and why are you guys discussing this." **Exhibit 4**

17. The Plaintiff felt at this time as if "the officers were out to get him." What are the chances, after leaving the Police Department and coming to the City Hall TO REPORT HARASSMENT, that THE SAME 2 OFFICERS WHO SHOWED UP ON A BOGUS CALL AND ARE AWARE THAT THE PLAINTIFF DIDN'T HAVE A VALID DL, would show up at the same time the Plaintiff was trying to make a complaint at the city hall.

18. The Plaintiff then went outside where the 2 officers cornered the Plaintiff and began "drilling" him over a driver's license, (**Exhibit 5**) and **repeatedly used intimidation tactics against a person they were aware had a disability**.

19. The Plaintiff felt as though the officers were trying to get him to say or do something to get arrested. The Plaintiff asked the officers if they were there to arrest him, and they said "no."

20. The Plaintiff then began to get an "elevated heart rate," and at this point his "disability was triggered." The Plaintiff "felt as if he was under attack" and was unsure about his safety, losing all trust for the officers due to their posture and attitude while dealing with someone they know had a mental disability.

21. The Plaintiff asked the officers to call paramedics, and was transported via ambulance to Memorial Hospital, located at 150 Reynoir Street, Biloxi, in which the Plaintiff received medical

attention for anxiety and schizophrenia. (Exhibit 6)

### v.  CAUSE OF ACTION

22. The Plaintiff pleads a cause of action for violations **42 U.S.C § 1983,** in which the police officers harassment against a disabled person and "constant threats of arrest" over "minor or insignificant tickets," and coercive policing practices in which MULTIPLE POLICE OFFICERS ARE OPENLY THREATNING THE PLAINTIFF due to his complaints of discrimination and harassment, and or due to his disability, which has created a "hostile environment" for the Plaintiff and has caused the Plaintiff irreparable mental and emotional injury, in which the Plaintiff suffered damages to include initial and future medical. Furthermore under, **18 U.S.C § 242** due to being constantly "placed in unjustified fear" of arrest or worse which is "depriving the Plaintiff of his rights", the Plaintiff will suffer loss for moving and relocation expenses, in which "he feels unsafe," which is causing economical and noneconomical damages to the Plaintiff, and is currently homeless living in hotels in Tennessee because he is afraid to return to Ocean Springs due to the harassment.

23. The Plaintiff will litigate his cause of action for 42 U.S.C § 1983 under the following conditions:

   **A. Fifth and Fourteenth Amendment Violation**
   **B. Monell "Doctrine"**
   **C. Failure to train**

### vi.  LEGAL GROUNDS

24. The Plaintiff has legal grounds to bring this action to comport with Mississippi Tort Claims Act (MTCA), in which the Ocean Springs Police Officers WHO WERE AWARE THAT THE PLAINTIFF HAD A DISABILITY, who was (at the time) AT THE OCEAN SPRINGS CITY HALL, NOT DRIVING, STANDING OUTSIDE THE BUILDING (just told the city clerk Plaintiff was being harassed by the police), "reckless disregard of the safety and well-being of any person not engaged in criminal activity". 34 Miss. C. L. Rev. 55 (2015)

25. The Mississippi Tort Claims Act ("MTCA") allows the Plaintiff to sue the Ocean Springs Police Department, in which the officers were thought to be acting under the color of state and or local law. [3]

26. The Plaintiff seeks enforcement of 42 **U.S.C § 1983** in which, Officer Smith when responding to an emergency call by the Plaintiff, began "retaliatory behavior" on May 25th, 2025, in which Officer Smith began to "**coerce, intimidate, threaten, or interfere**" with the Plaintiff after Plaintiff made a 911 call in a completely unrelated event. The Plaintiff has standing under **MS Code § 11-46-15(1)(b) (2024)**, in which he will argue the negligence of the Defendants, in which turn "makes them liable."

27. The City of Ocean Springs IN NO WAY can claim immunity under the MTCA. Plaintiff argues that the city MUST BE SUED IN THE INTREST OF JUSTICE due to the blatant violations, nor can the department plead **ANY special exceptions** to the Plaintiffs complaint, in that under the "2 part test" for "**discretionary function**" [4] the officers "made a choice" or judgment to take a course of action "to continue to corner and question the Plaintiff", which in turn caused the Plaintiff to have a panic attack.

28. Furthermore, the officer's judgment or choice TO QUESTION A DISABLED PLAINTIFF, WHO WAS NOT PHYSICALLY DRIVING IN THE CAR BUT INSTEAD WAS MAKING A COMPLAINT (formal or informal) OF HARASSMENT, is susceptible to analysis. Although the Plaintiff in not litigating the law under the MTCA, the MTCA allows the Plaintiff

---

3. "The Mississippi Tort Claims Act ("MTCA") is the exclusive route to sue a Mississippi government entity and its employees for actions committed within the scope of employment." City of Jackson v. Sutton, 797 So. 2d 977, 980 (Miss. 2001)

4. Like most state tort claims acts, the MTCA immunizes a government entity and its employees acting within the scope of employment from claims involving the exercise, or decision not to exercise, a "discretionary function." Miss. Code Ann. § 11-46-9(1)(d).

to bring suit against the municipality for their training, practices and or policies. [5]

29. The Plaintiff will argue in further pleadings that there were multiple violations of the Americans with Disabilities Act, and multiple instances in which has put the Plaintiff in **"safety mandates" or THE LACK OF SAFTEY MANDATES IN WHICH THEY SHOULD** HAVE WHEN DEALING WITH A DISABLED PLAINTIFF, [6] "shall not protect the government from liability" for causing the Plaintiff's injury.

30. Furthermore, the Plaintiff argues that he has presented facts and law, that demonstrates that he has the merit to file and succeed with his case against the Defendants.

### vii.   ELEMENTS OF RETALIATION AND HARASSMENT

31. The Plaintiff is arguing violations of 2 statutes: **18 U.S.C § 242** and 42 **U.S.C § 12203** in which the Plaintiff will show this Honorable Court that ALL of the elements are there, in which the Plaintiff's rights were violated by harassment, in which the Plaintiff was attempting to "enjoy the rights and protections afforded him by US Law" in which at such time the Plaintiff was participating in protected activity.

32. The Plaintiff argues that first element of **18 U.S.C § 242** [7] is there in that the Plaintiff traveled to the Ocean Springs City Hall "seeking a form" to make a formal complaint. It is the Plaintiff's constitutional rights to make such complaints, and such complaints are considered "protected activity." The Plaintiff alleges

---

5. "Like the Federal Tort Claims Act, the MTCA does not allow plaintiffs to sue government employees acting within the scope of their employment. Instead, plaintiffs must sue the government entity." Miss. Code Ann. § 11-46-7(2).
6. Like most state tort claims acts, the MTCA immunizes a government entity and its employees acting within the scope of employment from claims involving the exercise, or decision not to exercise, a "discretionary function." Miss. Code Ann. § 11-46-9(1)(d).
7. In proving violations of **18 U.S.C § 242**, the Plaintiff will show the court the following elements:
A. person's acts must have deprived another person of a right secured or protected by the Constitution or laws of the United States;
B. the person must have committed the act under color of law;
C. the other person, whose rights have been deprived, must have been present in any state, territory, or district within the United States; and
D. the person must have acted willfully to deprive the other person of his /her rights. Gipson v. Callahan, 18 F. Supp. 2d 662 (W.D. Tex. 1997)

that the officers were acting "**under the color of state law**" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

33. Finally, to prove the final elements, the officers were "present in the United States (Mississippi)" and the Plaintiff argues they "acted willfully" because the Plaintiff will show the court in responsive pleadings that the officers were aware the Plaintiff was making a complaint of harassment, and that the officers were acting "under the color of state law" as in, they were in their uniforms and at work at the time and intentionally began harassing the Plaintiff to "attempt to discourage or stop" him from making the complaint, in return causing the Plaintiff's injury.

### viii. VIOLATIONS OF THE PLAINTIFF'S FIFTH AND FOURTEETH AMENDMENT RIGHTS, MONELL AND FAILURE TO TRAIN CLAIMS

34. To show violations of 42 **U.S.C § 1983**, the Plaintiff argues that his **fifth amendment rights were violated and therefore will argue a "Monell Claim"** [8] **and a "Failure to train Claim" against the City of Ocean Springs, which caused the Plaintiff injury.**

**Fifth and Fourteenth Amendment Violation**

35. "The Fifth Amendment has an explicit requirement that the Federal Government not deprive individuals of "life, liberty, or property," without due process of the law and an implicit guarantee that each person receives equal protection of the laws." [9]

36. The Plaintiff argues, that "holding him in a corner questioning him", is a violation of his fourteenth amendment rights to be free of coercive questioning, and due to the Plaintiff "not even

---

8. Monell v. Department of Soc. Svcs., 436 U.S. 658 (1978)
9. "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation." U.S. Const., Art. I, § 1, cl. 5.

driving" or committing ANY crime at the time of the questioning, the Plaintiff argues that this is a clear violation of his rights. [10]

**Monell Claim**

37. The Plaintiff will argue a "Monell Claim" in pursuant to section 1983, and will look to prove the following elements:

> **Deprivation of federal right**: The plaintiff must show that their constitutional rights were violated.
> **Governmental action**: The violation must be linked to a municipal policy or custom.
> **Deliberate indifference**: The policy or custom must reflect the municipality's fault, indicating a failure to train or supervise adequately.
> **Moving force**: The municipal action must be the direct cause of the federal violations. [11]

38. The Plaintiff will show damages in that while on the municipality's property, he was being **deprived** of his fifth and fourteenth amendment rights. The **governmental action** was directly linked to the **customs and or** policies in which the department operates, and it is the municipality's responsibility to hire and train their officers, which shows **deliberate indifference**. On June 13th, 2025, The Ocean Springs Weekly Record reported "Outgoing Mayor Kenny Holloway and several current city officials have been named in a federal civil right lawsuit filed by local news reporter and writer E. Brian Rose, who states, officials used their power of public office to target him for exposing official misconduct, and a lack of transparent government. The City of Ocean Springs is already mired in a complex and growing legal crisis involving other federal civil rights allegations, ethics complaints, and public backlash over items dealing with public information and open meetings."

---

10. "The Fourteenth Amendment provides that no person shall be deprived "of life, liberty, or property, without due process of law." Convictions based on evidence obtained by methods that are "so brutal and so offensive to human dignity" that they "shoc[k] the conscience" violate the Due Process Clause. *Rochin* v. *California,* 342 U. S. 165, 172, 174 (1952) (overturning conviction based on evidence obtained by involuntary stomach pumping)." Chavez v. Martinez, 538 U.S. 760 (2003)
11. **Monell v. Department of Soc. Svcs., 436 U.S. 658 (1978)**

39. The municipal CONTINUING TO FAIL TO TRAIN IT'S OFFICERS is the "**moving force**" and the "direct cause" of the Plaintiff's injuries.

**Failure to train claim**

40. The Plaintiff argues that THE HISTORY of the "lack of proper policing" by Ocean Springs Police Department is so prevalent to the Plaintiff's claim, and it falls directly upon the shoulders of the municipality. Within the Plaintiff's own case, officer C. Smith arriving on the scene (Exhibit 3) in a totally unrelated police call, and to begin questioning the Plaintiff about a complaint of discrimination is a training and policy issue, [12] and the Plaintiff argues that it is "a continuing problem."

41. The Plaintiff can list "a litany" of things in which the training of the police officers could be better, to include the way the officers handle disabled people. The fact that the officers would "look" for the Plaintiff to pull him over after the Plaintiff filed several complaints of discrimination to the city and the police department, is proof within itself that the policies of the department "needs to be conformed."

### ix.     LIABILITY OF THE DEFENDANT

42. The Defendant is liable for the Plaintiff's injury under Mississippi Code Annotated § 11-7-15, and it is unnecessary to "name the liability" as such as "respondeat superior or vicariously libel" in a case involving **42 U.S.C § 1983; however, the Plaintiff will seek to prove 100%**

43. The defendant's conduct is an actual AND proximate cause of a plaintiff's injury, due to a policy or customs in which the officers are trained. The officers harassing the Plaintiff and depriving him of his rights caused the Plaintiff injury and therefore is the actionable cause of the

---

12. "It is only when the `execution of the government's policy or custom . . . inflicts the injury' that the municipality may be held liable under 1983." Springfield v. Kibbe, 480 U.S. 257, 267 (1987) (O'CONNOR, J., dissenting) (quoting Monell, supra, at 694).

---

constitutional violation. [13]

**Actual Cause**

44. The Plaintiff's injury would not have occurred 'but for' that policy or custom, and the officers conduct has a sufficient connection to the result. Ocean Springs Police Department's history of "aggressive traffic policing" (in which in later pleadings the Plaintiff will show the errors and changes in their ticketing system) [14] and those customs and policies are leading to the municipality to "incorrectly train" it's officers. If but for 1 officer's actions the Plaintiff would argue that "that officer's actions" is the actual cause of the Plaintiff's injury. However, due to the custom of harassment, the Plaintiff argues that the failure to train is the "actual cause" of the Plaintiff's injury.

45. To demonstrate, "but for" Officer Smith showing up to an unrelated calling and began questioning the Plaintiff and his creditability due to him making a complaint against the officer, and "but for" the Officers showing up at the city hall to begin questioning and intimidating the Plaintiff, the Plaintiff would have never had a panic attack, never would have had to leave his home, nor would he be in "reasonable fear of returning."

**Proximate Cause**

46. The City of Ocean Springs, "should be able to reasonably foresee" that not correctly training officers could and does cause injury (from the various lawsuits they have filed they should be

---

13. "Under *Monell*, a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but for and proximate causation." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146 (9th Cir. 2012) (citing *Harper*, 533 F.3d at 1026).

14. Regardless of what theory the plaintiff employs to establish municipal liability— policy, custom, or failure to train— the plaintiff must establish that the policy or custom is the "moving force" behind the constitutional violation. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *see Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013). To meet the moving force requirement, "the plaintiff must show both causation-in-fact and proximate causation." *Gravelet-Blondin*, 728 F.3d at 1096.

able to see). The Defendants owed the Plaintiff a duty of care and failed in that duty. The "duty" owed, is reasonable care and proper training to adhere to the law.

47. Furthermore, the Plaintiff can argue as well, due to the "practices and or customs" of the municipality, the officer (who has worked for the department prior to Ocean Springs "cleaning house," from the mayor to the police chief and so forth) who perpetrated the harassment against the Plaintiff is "used" to performing incorrect police practices. However, if they municipality ONCE AGAIN, PROPERLY TRAINED IT'S OFFICERS then the Plaintiff wouldn't be homeless in hotels in Tennessee, nor would he have suffered his panic attack. So, although harassment and retaliation by the officer **might be** the ACTUAL cause for the Plaintiff's situation but the **"proximate cause" and or "actual cause" of the Plaintiff's damages are due to the customs of "retaliatory behavior" by the municipality, as well as improper or inadequate training.**

48. **WHEREFORE ALL PREMESIS CONSIDERED,** for the City of Ocean Springs to continue to violate US Law establishing a "pattern" of practices and customs in which they allow retaliatory behavior from the police officers, in which caused irreparable damage to the Plaintiff in which he is living in hotels in Tennessee due to threats of being arrested due to his mental disability and the aggressive posture from the police. The Defendant's "duty of care" is to train their officers to follow the law, and their lack of training. Therefore, to comport to Mississippi Code Title 11. Civil Practice and Procedure § 11-1-60 the Plaintiff seeks "Noneconomic damages meaning subjective, nonpecuniary damages arising from pain, suffering, inconvenience, mental anguish, worry, emotional distress, loss of society and companionship, loss of consortium, injury to reputation, humiliation, embarrassment, loss of the enjoyment of life, other

nonpecuniary damages, and any other theory of damages such as fear of loss, illness or injury." (The term "noneconomic damages" shall not include punitive or exemplary damages.}

"Actual economic damages" means **objectively verifiable pecuniary damages** arising from medical expenses and medical care, disabilities," future medical expenses due to the situation causing the Plaintiff to be depressed, moving and relocation expenses, temporary hotel expenses, loss of business opportunities, and other objectively verifiable monetary losses, and prays this Honorable Court rules and orders the Defendants to pay the Plaintiff an amount of $75,143 US Dollars plus all equitable court cost and fees, and or an amount deemed just by the Honorable Court.

Respectfully submitted,

August 1st,2025

Gregory D Dixon II, Plaintiff Pro Se
11424 Kingston Pike STE #119
PMB 204
Knoxville, TN 37934
amelioratelegal@gmail.com
346-225-7164