# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**GREGORY D. DIXON, II**                                              **PLAINTIFF**

**v.**                                          **CIVIL ACTION 1:25-cv-239-LG-BWR**

**CITY OF OCEAN SPRINGS**                                          **DEFENDANT**

## ORDER GRANTING [35] MOTION FOR SUMMARY JUDGMENT

Defendant City of Ocean Springs (the "City") seeks summary judgment of Plaintiff Gregory D. Dixon, II's claims.  Dixon did not respond to the City's [35] Motion for Summary Judgment.  Having considered the motion, arguments and relevant legal authority, the Court grants summary judgment.

## BACKGROUND

Dixon alleges he has "anxiety, panic disorder, schizoaffective disorder, and other disabilities[,]" which he alleges qualify as disabilities under 42 U.S.C. § 12102. Compl. [1] at 3.  Dixon alleges police officers for the City began acting retaliatory on May 25, 2025, when he made an emergency call.  Dixon alleges that in June 2025, he sought "tort forms'" and attempted to file complaints at the City Hall.[1]  In one City Hall complaint, Dixon alleges he wanted to make the City aware that officers within the City's police department were retaliating against Dixon through intimidation.  He alleges the officers were aware of his disabilities.

---

[1] He alleges he made multiple complaints regarding the City's police officers' previous harassment.  Dixon's first complaint involved an incident at the City's library, but he has since withdrawn this complaint.

Dixon alleges that when he attempted to file these complaints and "tort forms," the City Clerk informed him that the City possessed no "tort forms" and no ability "to 'serve' the documents to herself . . . and the Ocean Springs Police Department." *Id.* at 4. After finishing this conversation with the Clerk, Dixon noticed two officers. Dixon alleges these officers previously gave him a traffic ticket for driving without a driver's license. Dixon overheard these officers conversing about him and approached; Dixon asked why they were at City Hall and why they were discussing him. Dixon felt as if the "the officers were out to get him." *Id.* at 5. Dixon left City Hall, and he alleges the officers followed him. The officers began questioning Dixon about his driver's license, and Dixon alleges they used intimidation tactics despite having knowledge of his disability.

Still feeling that "the officers were trying to get him to say or do something to get him arrested[,]" Dixon asked the officers if they were there to arrest him, and they responded no. *Id.* Dixon felt under attack and felt distress, so he asked the officers to call paramedics. An ambulance transported Dixon to a hospital, where he "received medical attention for anxiety and schizophrenia." *Id.* at 5–6.

Dixon claims the police officers' harassment and alleged threats, to a known disabled person, violates his Fifth and Fourteenth Amendment due process rights. He claims the City is liable under 42 U.S.C. § 1983 for the officers' violations under the *Monell* doctrine and that the City is liable under a failure to train theory. He claims that the officers retaliated against him, so the City is liable under the

-2-

Americans with Disabilities Act ("ADA") 42 U.S.C. § 12203.  Dixon also claims the City violated 18 U.S.C. § 242.[2]  The City moves for summary judgment.

## DISCUSSION

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The movant must "identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  *Pioneer Expl., L.L.C. v. Steadfast Ins.*, 767 F.3d 503, 511 (5th Cir. 2014) (citation modified).  However, the movant "need not *negate* the elements of the nonmovant's case."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (citations omitted).  In other words, "[a] movant for summary judgment need not set forth evidence when the nonmovant bears the burden of persuasion at trial."  *Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d 987, 997 (5th Cir. 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

"If the movant does, however, meet this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  *Little*, 37 F.3d at 1075 (citation omitted).  A nonmovant shows a genuine issue for trial by "citing to particular parts of materials in the record,

---

[2] Dixon references the Mississippi Torts Claims Act ("MTCA"), but it appears to the Court that he does not intend to raise claims under this statute.  *See* Compl. [1] at 2 (seeking the Court's enforcement for only 42 U.S.C. § 1983 and 18 U.S.C. § 242); *id.* at 6 (pleading only causes of action under 42 U.S.C. § 1983 and 18 U.S.C. § 242); *id.* at 7 ("Plaintiff is not litigating the law under the MTCA[.]").

including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1) (citation modified).  A "court need consider only the cited materials[.]" Fed. R. Civ. P. 56(c)(3).  Thus, "the Court is under no duty to sift through the record in search of evidence to support" a nonmovant's assertion of a genuine issue for trial.  *Edwards Fam. P'ship, LP v. BancorpSouth Bank*, 236 F. Supp. 3d 964, 968 (S.D. Miss. 2017) (citation modified).

A court will view all controverted facts "in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts.  A court does not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (citation modified).  A "complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323.  The Court now turns to the merits of the § 1983 and ADA retaliation claims. [3]

## I.  SECTION 1983

The City argues the Court should grant summary judgment for the 42 U.S.C. § 1983 claims because Dixon failed to demonstrate a constitutional violation. Generally, local governments can be directly sued for § 1983 claims.  *Monell v. Dep't*

---

[3] Dixon cites to 18 U.S.C. § 242, but the statute does not provide a private right of action.  *See Johnson v. Fed. Bureau of Investigation*, No. H-16-1337, 2016 WL 9776489, at * 3 (S.D. Tex. Nov. 17, 2016) (collecting cases).  "[V]iolations of criminal statutes do not give rise to a private right of action."  *Id.*

*of Soc. Servs.*, 436 U.S. 658, 690–91 (1978).  "A person may sue a municipality that violates his or her constitutional rights under color of any statute, ordinance, regulation, custom, or usage."  *Hutcheson v. Dallas County*, 994 F.3d 477, 482 (5th Cir. 2021) (citation modified).  But the City cannot be sued under a theory of vicarious liability.  *See Moore v. LaSalle Mgmt. Co., L.L.C.*, 41 F.4th 493, 509 (5th Cir. 2022).

To demonstrate the City violated § 1983, Dixon must show: (1) a policymaker with actual or constructive knowledge, (2) an official policy or custom, and (3) a "violation of constitutional rights whose 'moving force' is the policy or custom."  *See Culbertson v. Lykos*, 790 F.3d 608, 628 (5th Cir. 2015) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).  A court properly grants summary judgment for a § 1983 claim when no constitutional violation occurs.  *See Martinez v. Hinojosa*, 177 F.4th 654, 664 (5th Cir. 2026); *Landry v. Laborde-Lahoz*, 852 F. App'x 123, 127 (5th Cir. 2021) (citation modified) ("It is well established that there must be an underlying constitutional violation for there to be a claim under *Monell*.").

Dixon raises due process violations under the Fifth and Fourteenth Amendments and a failure to train theory involving the ADA.  Because the Fifth Amendment due process clause does not apply to the City, *see Velazquez v. City of Westwego*, 531 F. Supp. 3d 1142, 1154 (E.D. La. 2021) (citations omitted), the Court turns to Dixon's Fourteenth Amendment claim and failure to train involving the ADA.

### A.  SUBSTANTIVE DUE PROCESS

The Court liberally construes Dixon's claim as one for Fourteenth Amendment substantive due process for bodily integrity.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (Courts liberally construe pro se pleadings.).  He alleges the officers approached him and made "constant threats of arrest[,]" which are unjustified and deprived Dixon of his rights.  *See* Compl. [1] at 6.  Dixon argues the officers' actions violate his Fourteenth Amendment right to be free of "coercive questioning[.]"  *Id.* at 9.

The City is correct that mere verbal harassment "does not, by itself, support a constitutional claim."  *Tyson v. Sabine*, 42 F.4th 508, 519 (5th Cir. 2022) (citations omitted); *see Robertson v. Plano City of Texas*, 70 F.3d 21, 24 (5th Cir. 1995) (Fourteenth Amendment case law does not "support holding that the Due Process Clause afforded . . . [plaintiff] a right to be free from an erroneous admonishment regarding punishment and prison.  Nor do [courts] find such conduct to be of the type that is violative of substantive due process.").  Dixon provides no facts that could satisfy a bodily integrity claim.  Because Dixon failed to demonstrate a violation of a constitutional right, the Court grants summary judgment on this claim.[4]

---

[4] In the alternative, the Court agrees with the City's second argument and would grant summary judgment for failure to demonstrate *Monell*'s elements.  *See Culbertson*, 790 F.3d at 628.

## B. FAILURE TO TRAIN

Dixon attempts to raise a failure to train claim regarding the City's alleged failure to teach officers about ADA rights. The City did not discuss a failure to demonstrate a constitutional violation, so the Court will not grant summary judgment on this ground. *See Pioneer Expl., L.L.C.*, 767 F.3d at 511 (It is the movant's burden to identify portions of the record that demonstrate "the absence of a genuine issue of material fact."). Assuming a constitutional violation exists, the City's alternative arguments are persuasive.

A § 1983 failure to train claim succeeds when a plaintiff shows: "(1) the training procedures were inadequate; (2) the city's policymaker was deliberately indifferent in adopting the training policy; and (3) the inadequate training policy directly caused [plaintiff's] injury." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011) (citation omitted); *Farmer v. Brennan*, 511 U.S. 825, 840 (1994) (citation modified). The City attacks the deliberate indifference requirement. Deliberate indifference is a "stringent standard, requiring proof that a municipal actor disregarded a known or obvious consequence of his action," that a "showing of simple or heightened negligence will not suffice." *Valle v. City of Houston*, 613 F.3d 536, 542, 547 (5th Cir. 2010) (citation modified); *Conner v. Travis County*, 209 F.3d 794, 796 (5th Cir. 2000) (citation omitted) ("Deliberate indifference is more than mere negligence.").

"Deliberate indifference may be proven in one of two ways." *Jackson v. Valdez*, 852 F. App'x 129, 136 (5th Cir. 2021) (citation omitted). The proof-by-

pattern way—which is "ordinarily necessary"—involves municipal employees violating "constitutional rights so often that the factfinder can infer from the pattern of violations that the need for further training must have been plainly obvious to the policymakers." *Littell v. Hou. Indep. Sch. Dist.*, 894 F.3d 616, 624 (5th Cir. 2018) (citation modified). The second way is the "single-incident" exception. *Jackson*, 852 F. App'x at 136. The single-incident exception occurs "in a limited set of cases, where evidence of a single violation of federal rights, accompanied by a showing that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation, can trigger municipal liability." *Id.* (citation modified). This "exception applies when the risk of constitutional violations was or should have been an obvious or highly predictable consequence of the alleged training inadequacy." *Id.* (citation modified).

The Plaintiff has failed to create a genuine issue of material fact that tends to demonstrate deliberate indifference under either proof-by-pattern or single-incident. Therefore, his § 1983 failure to train claim involving the ADA fails.

## II. ADA CLAIM

The [1] Complaint references 42 U.S.C. § 12203(b), the ADA's anti-interference provision. To the extent Dixon attempts to raise a claim under the anti-interference provision, *see Erickson*, 551 U.S. at 94, the Court determines that summary judgment should be granted in favor of the City. *See Strife v. Aldine Indep. Sch. Dist.*, 138 F.4th 237, 251–52 (5th Cir. 2025) (citation modified) (ADA interference claim "has at least three requirements: (1) coercion, intimidation,

threats, or interference toward an individual, (2) on the basis of that individual's exercise or enjoyment, or having exercised or enjoyed, or aiding or encouraging others in exercising or enjoying, (3) any right protected under the ADA."); *Brenyah v. Columbia Hosp. Corp. of Bay Area*, --- F.4th ----, 2026 WL 1836369, at \*6 (5th Cir. June 23, 2026) (affirming summary judgment).

The City argues Dixon provides no facts supporting how the officers' actions violated his rights under the ADA, and the City argues Dixon produced no evidence establishing that he is a qualified individual under the ADA.[5]  Even a generous and liberal reading of the record produces no facts establishing the elements of an ADA interference claim.  *See generally Strife*, 138 F.4th at 251–52; *Brenyah*, 2026 WL 1836369, at \*6 (No demonstration "as to whether [defendant] interfered with a right that the ADA protects" warrants summary judgment.).  Therefore, the Court grants summary judgment for Dixon's ADA claim.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Defendant City of Ocean Springs' [35] Motion for Summary Judgment is **GRANTED**.  A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 13th day of July, 2026.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[5] Although the City proceeds under a Title II ADA reasonable accommodations analysis, the Court finds this argument may be analogously applied to the ADA interference claim.